IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| MATTHEW ALLEN FLICKINGER | * | CHAPTER 13 |
| d/b/a Flickinger Group, LLC, | * | |
| d/b/a Flickinger Holdings, LP, | * | |
| d/b/a MFDK, LLC, | * | CASE NO. 1:09-bk-08739MDF |
| f/d/b/a Flickinger Custom Builders, Inc., | * | |
| and | * | |
| RACHEL KAREN FLICKINGER, | * | |
| Debtors | * | |

| | | |
|---|---|---|
| MATTHEW ALLEN FLICKINGER and | * | |
| RACHEL KAREN FLICKINGER, | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | ADV. NO. 1:10-ap-00147MDF |
| | * | |
| AMERICHOICE FEDERAL CREDIT | * | |
| UNION, | * | |
| Defendant | * | |

## OPINION

The case before me involves a Chapter 13 plan in which Matthew and Rachel Flickinger ("Debtors") propose to modify or "cramdown[1]" a claim secured by Debtors' residence. In their plan, Debtors employ 11 U.S.C. § 506(a) to value the collateral securing the claim of Americhoice Federal Credit Union ("AFCU"). If Debtors are permitted to "cramdown" AFCU's claim, the outstanding balance due will be secured only up to the value of the collateral. Any amounts due to AFCU in excess of the value of the residence will classified as an unsecured

---

[1] The term "cramdown" is not derived from the forced reduction of the amount of the secured claim, but from the creditor being compelled to accept it – the reduction proposed by the chapter 13 plan is "crammed down" his throat. *In re Wright*, 492 F.3d 829 (7th Cir. 2007).

claim. AFCU's claim, however, cannot be modified if it is subject to the provisions of § 1322(b)(2). Section 1322(b)(2), provides that any claim that is "secured only by a security interest in real property that is the debtor's principal residence" is not subject to modification. Debtors allege that ACFC's claim is not subject to the provisions of § 1322(b)(2) because the claim is secured by assets other than Debtors' residence.

## I. Factual and Procedural History

Matthew Flickinger ("Flickinger"), a building contractor, filed a joint chapter 13 petition with his wife, Rachel Flickinger, on November 10, 2009. Debtors reside at 991 Ridge Road, Halifax, Pennsylvania (hereinafter, the "Property"). AFCU holds an adjustable rate note (the "Note"), dated August 17, 2006, in the amount of $390,600 secured by a mortgage against the Property. In addition to Debtors, Daniel P. Kreischer ("Kreischer") and Jane S. Kreischer are named as "Borrowers" on the Note. Flickinger also executed the Note in his capacity as President of Flickinger Custom Builders, Inc. ("FCB, Inc.") and as a member of Flickinger Group, LLC ("Group"). Kreischer signed the Note in his capacity as a member of Group.

Debtors' schedules state that, as of the date of the petition, the appraised value of the Property was $247,500 and that AFCU held a claim in the amount of $380,099. Debtors' Chapter 13 plan (the "Plan") proposes to cram down AFCU's secured claim to $242,979.87, which is the appraised value of the Property minus unpaid property taxes of $4,520.13. Under the terms of the Plan, Debtors propose to pay AFCU's secured claim over thirty years at an interest rate of 4.25%.

On January 15, 2010, AFCU filed an objection to confirmation of the Plan asserting that under the provisions of § 1322(b)(2), modification of its claim is prohibited. On April 14, 2010,

2

Debtors filed the adversary complaint now before me to determine the extent of AFCU's security interest in the Property under 11 U.S.C. § 506(a). The complaint asserts that because persons and entities other than Debtors signed the Note, AFCU is not secured only by a security interest in real property that is Debtors' principal residence. It also asserts that "[t]he loan did not originate as a purchase money mortgage for the residence, but was entered into for commercial purposes." Based on these assertions, Debtors argue that AFCU's claim is not protected by § 1322(b)(2). AFCU answered Debtors' adversary complaint and argued that neither the additional signatories on the Note nor the characterization of the loan as a "commercial loan" deprives it of § 1322(b)(2) protection. AFCU filed a "Rule 12(c) Motion for Judgement on the Pleadings" (the "Motion"), which is now before the Court. Briefs have been filed, and the matter is ready for decision.[2]

## II. Discussion

When a court rules on a motion for judgment on the pleadings, it must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289, 290-91 (3d Cir. 1988). The court must accept the allegations in the complaint as true. *Tudor Development Group, Inc. v. United States Fidelity & Guaranty Company*, 768 F.Supp. 493, 495 (M.D. Pa. 1991). Judgment will not be granted " 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of

---

[2]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (K) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

law.' " *Jablonski, supra,* at 290 ( *quoting Society Hill Civic Association v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)).

After the pleadings are closed, Fed. R. Civ. P. 12(c), which is incorporated into bankruptcy procedure by Rule 7012(c) of the Federal Rules of Bankruptcy Procedure, permits a party to move for judgment on the pleadings.

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c). There is one exception to this rule, however. A court may take judicial notice of facts that are not subject to reasonable dispute and of the existence and content of official documents and records. Fed. R. Evid. 201; *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996) (judicial notice may be taken of documents filed with government agencies); *DiNicola v. DiPaolo,* 945 F.Supp. 848, 855 n. 2 (W.D. Pa.1996) (courts are "entitled to take judicial notice of public records in considering a . . . motion for judgment on the pleadings").

The pleadings before me raise the substantive issue of whether a lender is secured "only" by a debtor's residence when non-debtor natural persons and corporate entities have signed the documents creating the claim. There is no dispute regarding the only two facts that are relevant to the issue before me: (1) that AFCU holds a security interest in Debtors' principal residence; and (2) that the Note on which the security interest is based was executed, not only by Debtors, but also by Keischer, FCB, Inc and Group. Thus, the decision turns on the extent of the protections afforded by § 1322(b)(2).

4

In relevant part, § 1322(b)(2) states that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). Debtors contend that AFCU is secured by more than a security interest in their principal residence because it can recover from the Kreischers, Group, and FCB, Inc. as co-borrowers on the Note.[3] Debtors also allege that because the Note was executed for commercial purposes, AFCU's claim is not the type of claim protected by § 1322(b)(2). Debtors' legal arguments are misguided. By simply signing the Note the co-obligors did not grant a security interest in collateral. Thus, their signatures have no bearing on whether or not the claim is subject to the protections of § 1322(b)(2). Similarly, the prohibition on modifying claims secured only by real property that is the debtor's principal residence is not limited to purchase money transactions. Whatever may have been Congress' intentions, the statute provides no limitation regarding the use of the funds. The only relevant issue is whether as part of the loan transaction, any obligor on the Note provided a security interest in collateral other than Debtors' residence.

Debtors' brief abandons the arguments set forth in the Complaint and adopts a different approach. Debtors request the Court to take judicial notice of facts not previously alleged, namely that AFCU filed UCC-1 Financing Statements ("UCC-1s") against certain assets of Flickinger, Group, and FCB Inc. Based on these public record filings, Debtors argue that "[t]he financing statements, just being properly filed of record with the Secretary of State, and each listing as collateral every possible asset of each of the named debtors, creates additional security . . . ."

---

[3] Neither Group nor FCB, Inc. are identified as "Borrowers" on the Note. Nonetheless, Debtors position assumes that these entities are co-obligors on the Note. Whether Debtors position is correct or not has no bearing on the outcome of this case.

5

(Debtors' Brief, p. 7.) AFCU did not respond to Debtors' brief. Therefore, I assume it does not object to the Court taking judicial notice of the the existence and content of four UCC-1 financing statements filed with the Pennsylvania Department of State attached as exhibits to Debtors' brief. Accordingly, I will consider these documents in ruling on the Motion.

In their brief, Debtors assert that the UCC-1 filings establish that the claim of ACFU against Debtors is secured by property other than their residence. Two of the UCC-1 statements were filed more than a year before the Note was executed. It is difficult to ascertain how these documents would relate to obligations under the Note. Two additional filings were made on May 12, 2009, more than three years after the Note was executed. Debtors have not asserted how these filings are security for AFCU's claim. These filings could have served a number of purposes. They may have been intended to secure earlier obligations owed by Debtors or related entities that have been satisfied. Conversely, the latter two filings may have been provided as additional security for the Note. I cannot determine upon the record before me whether these filings are related to AFCU's claim. However, because I must view the pleadings and these exhibits in the light most favorable to the respondents (Debtors), I cannot find that AFCU is entitled to judgment as a matter of law. The Motion, therefore, will be denied.

An appropriate Order follows.

By the Court,

_Mary D. France_
Chief Bankruptcy Judge

Date: November 24, 2010